José Puig Morales, Plaintiff, Appellant and Appellee, *v.* The Redemptorist Fathers of Porto Rico, Defendant, Appellee and Appellant.

Nos. 7117 and 7123.   Argued January 27, 1937.—Decided January 29, 1937.

R. *Rivera Zayas* and *José Puig Morales* for plaintiff. *Arturo Aponte* for defendant.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This action was begun by a complaint filed in the District Court of San Juan on April 4, 1934, to recover costs granted to the plaintiff in another action brought in the District Court of Humacao against J. Antonio Lorden, "a cleric who forms part of the corporation . . . here defendant."

In a demurrer the defendant alleged that the complaint did not set up sufficient facts to constitute a cause of action. The court heard both parties and sustained the demurrer. We copy the following from its decision:

"The plaintiff attempts to recover in this action, which he brings against a religious association or corporation, the costs awarded to him in an injunction proceeding to recover possession brought against a member of the said association or corporation. There is no relation or bond existing between the defendant in that action and the defendant in this one, that could make the latter liable for the payment of the costs incurred by way of damages. The allegation that J. Antonio Lorden forms a part, as a cleric, of the association or corporation The Redemptorist Fathers of Porto Rico and that he is dependent on it, does not make it responsible for his acts of whatever nature and class. Nor are we dealing with obligations arising through fault or negligence in which the defendant, considered as an establishment or enterprise, is responsible for the damage caused by a dependent in the service of the department in which he may have been employed or in the discharge of his duties."

The plaintiff moved for a reconsideration. The court denied his petition. He then filed an amended complaint. The defendants filed a motion to strike which was granted. The plaintiff filed a third amended complaint to which the defendants demurred, and which they also moved to strike. The parties were heard and the court sustained the demur-

rer and ordered that judgment be entered for the defendant with costs but without including attorney's fees. Judgment was entered and both the plaintiff and the defendant appealed from it, the latter only insofar as it was denied the attorney's fees.

The fundamental question involved is whether the defendant who was not a party to the action in which the costs were granted, is bound to pay them by virtue of the provisions of Sections 1803 and 1804 of the Civil Code and because it was alleged in the amended complaint that the acts giving rise to the first action were done by the defendant therein, Lorden, "by order and instructions of the corporation" here the defendant.

The brief of the appellant does not cite any cases or commentaries on the provisions of law which he invokes to support or at least to illustrate his contention. His arguments do not convince us. Rather than arguments they are mere conclusions that he has the right which he claims.

When an action is brought to enforce the obligation provided by Section 1804 of the Civil Code (Section 1803, 1930 edition) it is also brought against the person who is answerable. The plaintiff had his day in court when he brought his injunction proceeding and now, without giving defendant his day in court, he attempts to have them ordered to pay the costs which were awarded in the injunction proceeding and taxed against the person against whom he brought individual action by his own choice. If the corporation which is the defendant in this suit was liable, it should have been made a party to the said suit. Perhaps judgment would have been rendered against it but it may also have been favorable to it as a consequence of the allegations which it might have made or of the evidence which it might have presented. As the trial judge so well stated in his decision:

"The complaint does not state any fact whatever from which it may be inferred that the defendant was a party or intervened in the injunction proceeding to recover possession which gave rise to

the award of costs, by authorizing or consenting to the opposition of the injunction or ratifying in any way the personal or individual act of J. Antonio Lorden.''

The judgment should not, then, be reversed as to the dismissal of the complaint. Should it be reversed as to the exclusion of attorney's fees from the costs? The question involved is discretional and, taking into consideration all of the concurrent circumstances, we do not feel justified in concluding that the court abused its discretion.

The judgment appealed from must be affirmed in all its parts.

Mr. Justice Wolf and Mr. Justice Córdova Dávila took no part in the decision of this case.